# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD LEE JAMES, | 1:09-cv-00426-AWI-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| KATHY MENDOZA-POWERS, | [Doc. 12] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

RELEVANT HISTORY

Petitioner filed the instant petition for writ of habeas corpus on March 10, 2009, and challenges the Board of Parole Hearings' (hereinafter "Board") 2005 decision finding him unsuitable for parole.

On July 3, 2006, Petitioner filed a state petition for writ of habeas corpus in the Los Angeles County Superior Court.[1]  (Exhibit A, to State Court Records.)  The petition was denied on August 3, 2007.  (Exhibit B, to State Court Records.)

---

[1] All filing dates referenced herein are with the benefit of the mailbox rule. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases; See Houston v. Lack, 487 U.S. 266 (1988) (deeming a prose prisoner's notice of appeal filed at the moment it was delivered to prison authorities for forwarding to the clerk of court).  The Ninth Circuit Court of Appeals held in Saffold v. Newland, 250 F.3d 1282, 1288-89 (9th Cir. 2000 amended May 23, 2001) that the "mailbox" rule as provided for in Houston also applies to state and federal petitions with respect to calculating the statute of limitations under the AEDPA.

1    On October 5, 2007, Petitioner filed a petition for writ of habeas corpus in the California
2 Court of Appeal, Second Appellate District.  (Exhibit C, to State Court Records.)  The petition
3 was denied on November 8, 2007.  (Exhibit D, to State Court Records.)
4    Petitioner filed a petition for writ of habeas corpus in the California Supreme Court,
5 which was denied on June 11, 2008.  (Exhibits E & F, to State Court Records.)
6    Petitioner filed the instant federal petition for writ of habeas corpus on March 8, 2009.
7 (Court Doc. 1.)  Respondent filed the instant motion to dismiss the petition as untimely on June
8 9, 2009.  (Court Doc. 12.)  Petitioner filed an opposition on July 2, 2009.  (Court Doc. 15.)

DISCUSSION

A.    Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.    Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

2

corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on March 8, 2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a parole board decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that § 2241(d)(1)(D) applies in the context of parole decisions and that the Board of Prison Term's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period).

"Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody

pursuant to a state court judgment, even when the petition is not challenging his underlying state court conviction.'" <u>Sass v. Cal. Bd. of Prison Terms</u>, 461 F.3d 1123, 1126-1127 (9th Cir.2006), *quoting* <u>White v. Lambert</u>, 370 F.3d 1002, 1009-10 (9th Cir.2004). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). In the context of reviewing parole decisions, due process requires that: 1) the inmate must receive advance written notice of a hearing, <u>Pedro v. Oregon Parole Bd.</u>, 825 F.2d 1396, 1399 (9th Cir.1987); 2) the inmate must be afforded an "opportunity to be heard," <u>Greenholtz v. Inmates of Neb. Penal and Corr. Complex</u>, 442 U.S. 1, 16 (1979); 3) if the inmate is denied parole, the inmate must be told why "he falls short of qualifying for parole," <u>Id</u>.; and 4) the decision of the Board must be supported by "some evidence" having an indicia of reliability, <u>Superintendent, Mass. Corr. Inst. v. Hill</u>, 472 U.S. 445, 455 (1985); <u>Cato v. Rushen</u>, 824 F.2d 703, 705 (9th Cir.1987).

In the instant petition, Petitioner contends that the Board's decision findings him unsuitable for release on parole violated his federal rights. Respondent initially argues that the one-year limitation period began to run immediately following the administrative decision of November 2, 2005, citing <u>Redd v. McGrath</u>, 343 F.3d 1077, 1081 (9th Cir. 2003) and <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1063 (9th Cir. 2004). However, contrary to Respondent's argument the November 2, 2005, decision was merely a proposed decision, and it did not become final until March 2, 2006. Under the rationale of <u>Redd</u>, Petitioner could not have known the factual predicate of his claim unless and until the decision becomes final. See <u>Redd v. McGrath</u>, 343 F.3d at 1084 (statute of limitations begins to run when administrative decision becomes final) ; <u>see also</u> <u>Banks v. Kramer</u>, 2009 WL 256449 *1 (E.D. Cal. 2009); <u>Tidwell v. Marshall</u>, __ F.Supp.2d ___, 2009 WL 1537960 (C.D. Cal. 2009); <u>Feliciano v. Curry</u>, 2009 WL 691220 (N.D.

Cal. 2009); Ramirez-Salgado v. Scribner, 2009 WL 211117 (S.D. Cal. 2009).[2]  Based on these facts, the statute of limitations began to run the following day on March 3, 2006, and was set to expire one year later on March 2, 2007.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214 (2002).

1. *Expiration of Limitations Period Prior to Filing First State Court Petition*

At the time, Petitioner filed the first state petition for writ of habeas corpus on July 3, 2006, 123 days of the one-year statute of limitations had expired.

2. *Tolling During Pendency of State Court Petition*

Respondent submits that Petitioner is entitled to statutory tolling for the entire period of time that the state court petitions were pending, i.e. July 3, 2006 through June 11, 2008.[3]

3. *Expiration of Limitations After State Court Review and Filing Instant Federal Petition*

A subsequent 270 days of the statute of limitations period expired from the date the California Supreme Court denied the state petition to the filing of the instant federal petition on March 8, 2009, resulting in a total of 393 days-exceeding the 365 days statute of limitations by 28 days.

---

[2] Notwithstanding his argument to the contrary, Respondent recognizes that this Court, not to mention several other District Courts, have concluded likewise, but argues that petition is still untimely even under this analysis.

[3] In his opposition, Petitioner points out that the delay was caused, in part, by the superior court extending the time to rule on his state petition.  While this is true, the entire time that the superior court took to rule on his state petition served to toll the limitations period, as explained herein.

D.     Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner contends that he is entitled to equitable tolling because he was unaware of the one-year statute of limitations period.[4] Petitioner has failed to met his burden of alleging facts to warrant equitable tolling. The generalized assertion that he was unaware of the one-year statute of limitations is insufficient to warrant equitable tolling. *See e.g.* Johnson v. United States, 544 U.S. 295, 311 (2002) ("[W]e have never accepted pro se representation alone of procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of AEDPA's limitations period); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause). There is no showing that it was the cause of some extraordinary circumstance(s) which affected Petitioner's ability to file a timely federal petition. Accordingly, there is no basis upon which this Court can grant equitable tolling, and the petition is untimely.

---

[4] To the extent Petitioner contends that the underlying merits of his petition warrant tolling of the limitations period, it is without merit. The merits of the federal petition are not relevant to whether extraordinary circumstances exist justifying the late filing of the habeas petition; showing of extraordinary circumstances related to filing of the petition itself is required. Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1314-15 (11th Cir. 2001); Escamilla v. Jungwirth, 426 F.3d 868 (7th Cir.2005) (Even "[p]risoners claiming to be innocent . . . must meet the statutory requirement of timely action.").

1  E.     Evidentiary Hearing and Request for Discovery

2          Petitioner requests an evidentiary hearing, and, in the alternative, that discovery be
3  ordered.  In Schriro v. Landrigan, 550 U.S. 465, 474 (2007), Supreme Court held that "[i]n
4  deciding whether to grant an evidentiary hearing, a federal court must consider whether such a
5  hearing could enable an applicant to prove the petition's factual allegations, which, if true, would
6  entitle the applicant to federal habeas relief." (citation omitted).  In rendering this decision, the
7  court must take into consideration the standards prescribed by 28 U.S.C. § 2254.  Id.  "[I]f the
8  record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district
9  court is not required to hold an evidentiary hearing."  Id.  A motion for evidentiary hearing
10 should be granted when "a good-faith allegation that would, if true, entitle petitioner to equitable
11 tolling."  Laws v. LaMarque, 351 F.3d 919, 919 (9th Cir. 2003).  Conclusory allegations that are
12 unsupported by specific facts do not warrant an evidentiary hearing.  Williams v. Woodford, 306
13 F.3d 665, 686 (9th Cir. 2002).

14         Although discovery is available pursuant to Rule 6, it is only granted at the Court's
15 discretion, and upon a showing of good cause.  Bracy v. Gramley, 520 U.S. 899, 904 (1997);
16 McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood,
17 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254.  Good cause
18 is shown "where specific allegations before the court show reason to believe that the petitioner
19 may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."
20 Bracy v. Gramley, 520 U.S. at 908-09 (citing Harris v. Nelson, 394 U.S. 287 (1969).  Discovery
21 will not be allowed so that the petitioner can "explore [his] case in search of its existence,"
22 looking for new constitutional claims.  See Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir.
23 1999).

24         Petitioner's motion for evidentiary hearing should be denied because as explained above
25 there is no good-faith allegation that extraordinary circumstances made it impossible to file his
26 petition within the one-year limitations period.  For this same reason, there is no showing of good
27 cause to warrant discovery.  Accordingly, Petitioner's motion for an evidentiary hearing and
28 motion for discovery must be denied.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED; and,

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 14, 2009                     /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE